262 So.2d 881 (1972)
ORLANDO SPORTS STADIUM, INC., a Florida Corporation, et al., Appellants,
v.
The STATE of Florida ex rel. Rom W. POWELL, As County Solicitor for Orange County, Florida, and Robert Eagan, As State Attorney for the Ninth Judicial Circuit of Florida, Appellees.
No. 41233.
Supreme Court of Florida.
April 5, 1972.
Rehearing Denied June 28, 1972.
*882 W.F. Simonet, of Fishback, Davis, Dominick & Simonet, Orlando, for appellants.
Robert L. Shevin, Atty. Gen., and Daniel S. Dearing, Chief Trial Counsel, Tallahassee, for appellees.
ADKINS, Justice.
This is an interlocutory appeal from the Circuit Court of Orange County, Florida, having been transferred to this Court from the District Court of Appeal, Second District.
The State of Florida upon the relation of Powell, the County solicitor, and Eagen, the State Attorney, filed an amended complaint seeking to abate or enjoin a public nuisance pursuant to Fla. Stat. (1970) Chapters 823 and 60, F.S.A. It was alleged that defendants Ashlock and wife were the owners of certain land on which a building known as Orlando Sports Stadium was situated. The defendant Orlando Sports Stadium, Inc., operated the Orlando Sports Stadium. The amended complaint then contained the following allegations:
"5. On June 6, 1970, and at divers times thereafter up to and including December 29, 1970, said premises were visited *883 by narcotic and other drug users for the purpose of unlawfully using hallucinogenic drugs, barbiturates, central nervous stimulants, amphetamines, narcotic drugs, habit forming drugs as described in Chapters 398, 404 or 500, Florida Statutes 1970.
"6. The matters and things alleged in paragraph 5 above constitute a public nuisance, which public nuisance will persist in the future unless abated or enjoined by this Court."
By motion to dismiss, defendants attack the constitutionality of Chapters 823 and 60 as applied to them in this case.
Fla. Stat. § 823.05, F.S.A., provides, inter alia, that
"Whoever shall erect, establish, continue, or maintain, own or lease ... any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures and contents are declared a nuisance. All such places or persons shall be abated or enjoined as provided in §§ 60.05 and 60.06."
Fla. Stat. § 823.10, F.S.A., reads as follows:
"Any store, shop, warehouse, dwelling house, building, vehicle, ship, boat, vessel, aircraft, or any place whatever, which is visited by narcotic or other drug users for the purpose of unlawfully using hallucinogenic drugs, barbiturates, central nervous stimulants, amphetamines, narcotic drugs, habit-forming drugs or any other drugs as described in chapters 398, 404 and 500, Florida Statutes, or which is used for the illegal keeping, selling, or delivering of the same, shall be deemed a public nuisance. No person shall keep or maintain such public nuisance or aid and abet another in keeping or maintaining such public nuisance."
Fla. Stat. § 60.05(1), F.S.A., reads as follows:
"When any nuisance as defined in § 823.05, exists, the state attorney, county solicitor, county prosecutor, or any citizen of the county may sue in the name of the state on his relation to enjoin the nuisance, the person, or persons maintaining it and the owner or agent of the building or ground on which the nuisance exists."
Fla. Stat. § 398.14, F.S.A., provides:
"Any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by narcotic drug addicts for the purpose of using narcotic drugs or which is used for the illegal keeping or selling of the same, shall be deemed a public nuisance. No person shall keep or maintain such public nuisance."
Rule 1.110(b), FRCP, 30 F.S.A., requires that, to state a cause of action, a complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief," and "a demand for judgment for the relief to which he deems himself entitled."
For the purposes of the motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiffs' case. Popwell v. Abel, 226 So.2d 418 (Fla. App.4th, 1969); Russell v. Community Blood Bank, Inc., 185 So.2d 749 (Fla.App. 2d, 1966); Simon v. Tampa Electric Company, 202 So.2d 209 (Fla.App.2d, 1967).
In the case sub judice, for the purposes of the motion to dismiss, it is admitted that on June 6, 1970, and at divers times thereafter up to and including December 29, 1970, the premises in question were visited by narcotic and other drug users for the purpose of unlawfully using hallucinogenic drugs, barbiturates, central nervous stimulants, amphetamines, narcotics drugs, habit forming drugs as described in Fla. Stat. Ch. 398, F.S.A., the Uniform Narcotic Drug Law; Ch. 404, the Florida Drug Abuse *884 Law; or Ch. 500, the Food, Drug and Cosmetic Law. It is also alleged that this conduct is a public nuisance and will persist in the future unless abated by this Court.
Appellants first say that Fla. Stat. §§ 60.05, 823.05 and 823.10, F.S.A., quoted above, do not satisfy constitutional requirements of due process because they are not sufficiently explicit in their description of the act, conduct, or conditions required or forbidden and do not describe the elements of the offense with reasonable certainty. The wording of paragraph 5 of the amended complaint, quoted above, is neither vague nor ambiguous and sufficiently puts defendants on notice of the nuisance use of their premises.
A public nuisance violates public rights, subverts public order, decency or morals, or causes inconvenience or damage to the public generally. See 23 Fla.Jur., Nuisances, § 6; 18 F.L.P., Nuisances, § 49. The Legislature has broad discretion to designate a particular activity to be a public nuisance. Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927). In the exercise of its police power the State has authority to prevent or abate nuisances, for police power is the sovereign right of the State to enact laws for the protection of lives, health, morals, comfort and general welfare. Holley v. Adams, 238 So.2d 401 (Fla. 1970).
It is not possible to define comprehensively "nuisances" as each case must turn upon its facts and be judicially determined. See McQuillan Municipal Corporations (3rd Ed.) § 2499; City of St. Petersburg v. Calbeck, 114 So.2d 316 (Fla. App.2d, 1959); Rowland v. State, 129 Fla. 662, 176 So. 545 (1937). The statutes under attack are not so vague and indefinite as to invade the constitutional rights of the defendants in the case sub judice, where the plaintiffs seek an injunction. If the injunction does issue, it must be definite and certain.
It has been said that an attempt to enumerate all nuisances would be almost the equivalent as an attempt to classify the infinite variety of ways in which one may be annoyed or impeded in the enjoyment of his rights. 66 C.J.S. Nuisances § 26.
The following is found in 66 C.J.S. Nuisances § 102:
"As a rule, statutory remedies for the abatement of nuisances do not supersede existing common-law remedies. There must be a compliance with statutory provisions with respect to the mode or proceedings for abating a nuisance; where the language of the statute is plain and unambiguous, the court is not authorized to read into it any condition or qualification not expressed therein. An action to abate a public nuisance belongs to that class of remedies which may properly be provided by statute to aid in the administration of preventive justice. It stays the arm of the wrongdoer; it does not seek to punish him for any past violations of the law. Its purpose is to prevent a public offense and suppress what the law declares to be a nuisance."
To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. Impossible standards are not required. Statutory language that conveys a definite warning as to proscribed conduct when measured by common understanding and practices satisfies due process. (Smith v. State, 237 So.2d 139 (Fla. 1970); Hunter v. Allen, 422 F.2d 1158 (5th Cir., 1970).)
The validity of the statutes under attack is sustained by these authorities, for men of common intelligence would understand the evil sought to be remedied by the statutory scheme.
Appellants also say that a nuisance as defined in Fla. Stat. § 823.10, F.S.A., quoted above, cannot be enjoined through the procedure set forth in Fla. Stat. § 60.05, F.S.A., as the latter statute is applicable only to actions arising under Fla. Stat. § 823.05, F.S.A. It was not necessary for Fla. *885 Stat. § 823.10, F.S.A., to describe the specific machinery for enforcement, as it existed judicially. Had Chapter 60 not been enacted, the nuisance could still have been enjoined. Pompano Horse Club v. State, supra, Valdez v. State, 142 Fla. 123, 194 So. 388 (1940). The statutory scheme should be construed in light of the evil to be remedied and the remedy conceived by the Legislature to cure that evil. Brown v. Griffin, 229 So.2d 225 (Fla. 1969). The intent of the Legislature is apparent from the nuisance abatement scheme prescribed in the statutes quoted above. This intent was that the nuisance described in Fla. Stat. § 823.10, F.S.A. (which was enacted in 1969), could be enjoined or abated through Fla. Stat. §§ 60.05 and 60.06, F.S.A.
Appellants also contend that the amended complaint is defective in failing to allege that irreparable harm or injury will result in the absence of issuance of an injunction and in failing to allege that the remedy at law is inadequate. It is true that an injunction issues only to prevent irreparable injury when the remedy at law is inadequate, but it is not necessary for the complaint to contain general allegations to this effect. Such a general allegation is insufficient. The complaint must allege facts which disclose that irreparable injury can reasonably be inferred and that there is no adequate remedy at law. See 12 FLP, Injunction, § 13; 17 Fla.Jur., Injunctions, § 21. The amended complaint sufficiently withstands this attack.
Appellants' reliance upon federal cases to sustain their contention that state statutes impinging upon protected speech or religious freedom are constitutionally impermissible is material to the case sub judice only if the illegal use of drugs and narcotics is somehow protected by the First Amendment of the United States Constitution. The statutes under consideration do not attempt to regulate protective speech, but to control a public nuisance. The enactment of the statutes was not an exercise of unconstitutional prerogative. Instead, it was an exercise of the police power to protect public health, welfare, safety and morals. In this respect, the appellants had no constitutional grounds on which to rely in asserting grounds for their motion to dismiss.
It should be noted that appellees do not seek to enjoin the overall operation of the Orlando Sports Stadium, but only a limited use thereof. The situation sought to be enjoined is analogous to that of a tavern or night club that becomes a nuisance by virtue of raucous conduct of its patrons. See, generally, Gordon v. State, 289 P.2d 396 (Okl.Cr. 1955); open drinking and a general course of disorderly conduct; Wade v. Fuller, 12 Utah 2d 299, 365 P.2d 802 (Utah 1961), frequent loud and disturbing noises, vulgar language, traffic jams, and obscene conduct; Beard v. State, 71 Md. 275, 17 A. 1044 (1889), habitual assembly of lewd women and men drinking and dancing. See also, Fasson v. State, 141 Fla. 367, 193 So. 299 (1940), where this Court allowed an injunction to prohibit the illegal sale of liquor on the premises of a restaurant.
Ultimately, the questions arising from this controversy are questions of fact. There is no basis for dismissing the complaint as a matter of law and the trial court was correct in denying the motion to dismiss.
The order of the trial judge is affirmed and the cause is remanded for further proceeding.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
DREW, J. (Retired), dissents with opinion.
DREW, Justice (Retired) (dissenting):
I cannot agree with my brethren. If the complaint here states a cause of action, *886 the owner or operator of any public building in this State is at the mercy of the lawless element of our society. According to the views of the majority, proof that a law has been violated in, for instance, the Orange Bowl, the Gator Bowl, or the corner grocery store, ipso facto makes the building a public nuisance and subjects it to abatement. There is no requirement that the owners have knowledge  express or implied  that the law is being violated. I can see no way an innocent owner can defend such an action. Moreover, and for the same reasons above, I think the quoted statutes, viz.: Secs. 823.05 and 823.10 F.S.A. are palpably void and unconstitutional on their face.
I therefore dissent.