287 So.2d 364 (1973)
Richard KEYSER, Appellant,
v.
PHILLIPS PETROLEUM COMPANY, a Florida Corporation, et al., Appellees.
No. 73-408.
District Court of Appeal of Florida, Second District.
December 19, 1973.
B. Clarke Nichols, Carroll, Vega, Brown & Nichols, Naples, for appellant.
Daniel A. Carlton, Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellee Metropolitan Petroleum Co.
Ray A. Morrissey, Jr., Naples, for appellee Charlie Yearty.
GRIMES, Judge.
The plaintiff appeals an order dismissing his second amended complaint with prejudice. The second amended complaint alleged *365 that the defendant Yearty kept a collection of snakes for public display at his service station. The plaintiff put his hand in the unlocked box of snakes and was bitten by a rattlesnake. The other defendants are alleged to be vicariously liable. In his order, the Circuit Judge recited that the second amended complaint failed to state a cause of action and reflected negligent conduct by the plaintiff precluding his recovery as a matter of law.
While one might reasonably question the judgment of a person who puts his hand in a box of snakes, we must reverse. The second amended complaint alleges that in putting his hand in the unlocked box, the plaintiff did not realize the dangers involved. For the purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiff's case. Orlando Sports Stadium, Inc. v. State ex rel. Powell, Fla. 1972, 262 So.2d 881. Therefore, we cannot say with certainty that the plaintiff could not succeed.
Under the doctrine of strict liability established for wild animals in Isaacs v. Powell, Fla.App. 1972, 267 So.2d 864, the plaintiff is not required to allege specific acts of negligence on the part of the defendant. In that case, this court adopted § 515 of the Restatement of Torts which stated:
"`(1) A plaintiff is not barred from recovery by his failure to exercise reasonable care to observe the propinquity of a wild animal or an abnormally dangerous domestic animal or to avoid harm to his person, land or chattels threatened by it.
(2) A plaintiff is barred from recovery by intentionally and unreasonably subjecting himself to the risk that a wild animal or an abnormally dangerous domestic animal will do harm to his person, land or chattels.' (Italics supplied)"
As the facts of the case are developed, it may appear as a matter of law that the plaintiff's conduct falls within the scope of section (2) quoted above. However, at this juncture, the second amended complaint reflects no more than the conduct deemed by section (1) as insufficient to bar a recovery.
The order of dismissal with prejudice is hereby reversed.
MANN, C.J., and McNULTY, J., concur.