BOARDMAN, Judge.
The attorney general filed an action to abate a public nuisance in which injunctive relief is sought against the appellee, Travis Morgan. The pertinent part of the complaint alleges:
3. Travis Morgan is a resident of Ruskin, Hillsborough County, Florida, and operates a certain strawberry field in and about Ruskin, Hillsborough County, Florida. Specifically, the respondent operates a strawberry field on a certain paixel of land of approximately forty acres, located adjacent to Fairmont Park Subdivision, and adjacent to Southwest First Street and Eighteenth Avenue N. E., Ruskin, Hillsborough County, Florida.
4. At all times material herein the respondent has, in the course of the growing of strawberries, operated and maintained “automatic scarecrow” devices based upon a gas compression mechanism. The scarecrow device, a newspaper photograph of which is attached to the complaint, made a part hereof and labeled petitioner’s Exhibit A, emits a loud, raucous, frightening, and disturbing shotgun-like sound at intervals of approximately every fifty-five seconds. There are at least two such devices situated on the forty-acre tract, thus the shotgun-like emission occurs in intervals of less than every fifty-five seconds, from dawn to dark, seven days per week.
5. As a direct and proximate result of the excessive and unreasonable noises caused by the above described devices, the homeowners, residents and citizens living in the general vicinity are injured in that they are unable to peaceably enjoy their property and residence, forced to incur physical, mental arid emotional strain and are otherwise annoyed in being unable to lead a normal life. Although the nuisance has continued for several years, the nuisance complained of in this action has occurred from December 1971 through May 1972, and from December 1972 to the present time. The nuisance described above is continuing at this time.
On motion of the appellee, an order was entered by the trial judge dismissing the complaint with prejudice. The material part of the order states:
2. Section 60.05 of the Florida Statutes [F.S.A.] provides that when any nuisance as defined in Section 823.05 exists, that the Attorney General of the State of Florida may sue in the name of the State, to enjoin the nuisance or the person maintaining the nuisance.
3. Section 823.05 of the Florida Statutes [F.S.A.] provides that one who maintains, own, [sic] or leaáes a building, booth, tent or place which tends to annoy the community or injure the health of the community shall be deemed guilty of maintaining a nuisance. The Statute does not define the operation of an automatic scarecrow device operated by gas compression mechanism even when the same emits a loud, racous, [sic] frightening or disturbing shotgun like sounds to be a nuisance.
4. The Petitioner is without authority or standing to bring the complaint and application for injunction, it is therefore
ORDERED AND ADJUDGED that the complaint and application for temporary and permanent injunction filed in the name of the State of Florida on the relation of ROBERT L. SHEVIN, Attorney General, is hereby dismissed with prejudice.
*784 The attorney general, on behalf of the State of Florida, filed this appeal from the above order. As indicated above, the action was brought under the provision of Section 60.05, Florida Statutes, F.S.A., which authorizes the attorney general, and other categories of persons named, to sue in the name of the State to enjoin the nuisance or the person maintaining the nuisance.
The real question for our determination is, does the attorney general have standing to file the action pursuant to Chapters 823 and 60, Florida Statutes, F.S.A., 1971.
Appellee contends that the attorney general does not have such authority in the circumstances of this case. His main thrust appears to be that an automatic scarecrow device, as set forth in the complaint, is not the type of nuisance defined in Section 823.05, supra. Appellee asserts additionally that appellant has not shown that he was maintaining a place which in and of itself tended to annoy the community.
Upon careful consideration of the record and briefs and the oral argument of counsel, we find that the attorney general does have standing to bring the action pursuant to Section 60.05, supra, and that the complaint does state a cause of action under the provisions of Section 823.05 as read in para materia with Section 823.-01, Florida Statutes, F.S.A., 1971 sufficient to withstand appellee’s motion to dismiss upon the grounds stated therein. The Supreme Court of Florida in the case of Orlando Sports Stadium, Inc. v. State ex rel. Powell, Fla.1972, 262 So.2d 881, at page 884, held that “ . . . [i]t has been' said that an attempt to enumerate all nuisances would be almost the equivalent as an attempt to classify the infinite variety of ways in which one may be annoyed or impeded in the enjoyment of his rights. . ” The supreme court, in the cited case,.upheld the constitutionality of Sections 60.05 and 823.05, supra. The action was brought by the county solicitor to abate the nuisance of having drug users frequent the defendant’s premises; and, as in the case sub judice, the offending object was not the premises itself, but, rather, the activities which took place thereon. It was also held in the Orlando Sports Stadium case, supra, page 884 that “ . . . [i]t is not possible to define comprehensively ‘nuisances’ as each case must turn upon its facts and be judicially determined.”
We do not decide whether the complained-of condition exists or constitutes a nuisance which is injurious to the health and well-being of the public generally.
Accordingly, the order appealed from should be and it is, hereby, reversed and the case remanded for further proceedings consistent with this opinion.
McNULTY, Acting C. J., and GRIMES, J., concur.