McDonald, justice.
This is a direct appeal from the Charlotte County Court which held constitutional section 823.01(2), Florida Statutes (1975). This Court has jurisdiction. Art. V, § 3(b)(1), Fla.Const. (1972). We reverse.
The court order closed Mothers, a business owned and operated by Roger, Vicki, and Dorothy Thompson. This order followed a finding by a panel of twelve householders, summoned and acting pursuant to section 823.01(2), that the nightclub was a nuisance. Section 823.01(2) reads as follows:
Any nuisance which tends to the immediate annoyance of the citizens in general, or is manifestly injurious to the public health and safety, or tends greatly to corrupt the manners and morals or the people, may be removed and suppressed by the order of the county court judge of the county, founded upon the verdict of 12 householders of the same, who shall be summoned, sworn, and impaneled for that purpose, which order shall be directed to and executed by any sheriff of the county; and an indictment or information shall lie for the same.
Section 823.01(2), initially enacted in 1832, provides for the abatement of a nuisance which annoys citizens in general or which injures the public, while it also provides that the verdict in the proceeding shall be by a panel of twelve householders. Not all citizens and members of the public are householders. The panel, therefore, made up of a special segment of the general citizenry, has been empowered to determine for the general citizenry what is or is not a nuisance. The use of “special interest juries” has long been looked upon with disfavor, Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946), and has been declared a violation of due process of law, Allen v. State, 110 Ga.App. 56, 63-66, 137 S.E.2d 711, 715-17 (1964). Whatever valid reason may have existed in 1832 for restricting the jury to householders does not remain valid today, and a jury, if required, should be chosen according to the specifications and qualifications of chapter 40, Florida Statutes (1979). We hold that section 823.01(2) violates article I, section 9, of the Florida Constitution.
Appellant also contends that chapter 823 is too broad and the determination of what *1318 is a nuisance too vague for any of the provisions to be constitutional. We rejected a similar attack in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972), when we said:
A public nuisance violates public rights, subverts public order, decency or morals, or causes inconvenience or damage to the public generally. The Legislature has broad discretion to designate a particular activity to be a public nuisance. In the exercise of its police power the State has authority to prevent or abate nuisances, for police power is the sovereign right of the State to enact laws for the protection of lives, health, morals, comfort and general welfare.
Id. at 884 (citations omitted).
When the trial judge considers the granting of an injunction of a business he should, of course, enjoin only those acts which he finds to be a nuisance. Federal Amusement Co. v. State ex rel. Tuppen, 159 Fla. 495, 32 So.2d 1 (1947).
The judgment of the trial court is vacated without prejudice to the state to institute an appropriate action in accordance with sections 823.05, 60.05, and 60.06, Florida Statutes (1979).
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, J., dissents.