ORFINGER, Judge.
The State appeals the order dismissing the amended information which charged Monteo Research Products, Inc. with Count I, disposing, treating or storing hazardous waste without a valid permit;[1] Count II, disposing deleterious substances;[2] Count III, creating, keeping or maintaining a nuisance injurious to health;[3] and Count IV, criminal pollution.[4] In dismissing the amended information the trial court relied on State v. Hamilton, 388 So.2d 561 (Fla. 1980) for the proposition that in order to charge a crime under the various pollution statutes it was necessary that the information allege actual harm. We reverse.
State v. Hamilton dealt with the constitutionality of section 403.161(l)(a), Florida Statutes (1977).[5] The State alleged that *827 the pumping of water from a creosote lined basin into a source of drinking water violated the statute. In making its constitutional analysis, the supreme court first noted that because the statute was enacted for the public benefit it must be construed liberally in favor of the public even though it contained a penal provision. The court then stated:
The statute under which defendant was charged makes it a crime to cause pollution “so as to harm or injure human health or welfare, animal, plant or aquatic life or property.” § 403.16(l)(a), Fla.Stat. (1977). Thus, criminal penalties are imposed only if the pollution causes actual harm. The legislature is free to define offenses by describing them in terms of their results. State v. Barone, 124 So.2d 490 (Fla.1960). The defendant is not charged with criminal liability for acts which create only a potential for injury. Cf. Stock v. State, 526 P.2d [3] at 10 [ (Alaska 1974) ] (defendant charged with violation of section of statute prohibiting alterations to water which were “potentially” as opposed to “actually” “harmful”, those types of pollution would not subject the actor to criminal liability. The definition of pollution is couched in commonly-used words which convey adequate warning of the proscribed conduct when read in conjunction with the section creating the offense. The legislature cannot be expected to list every possible substance which causes harm when present in sufficient quantities. This would be an impossible standard to meet and is not mandated by our constitution. State v. Dye, 346 So.2d 538 (Fla.1977); Orlando Sports Stadium, Inc. v. State, 262 So.2d 881 (Fla. 1972). [Emphasis added].
The trial court interpreted this language as requiring that actual harm be alleged whenever the violation of an environmental or pollution control statute having a penal provision is charged. We disagree. The statute involved in Hamilton requires actual harm, but that is not the case with the other statutes under which Counts I, II and III were charged.
Count I charges a violation of section 403.727(l)(b) which prohibits the knowing transport of hazardous waste to a facility which does not have a current and valid permit as required by law. Count II charges a violation of section 387.07 which prohibits the willful or malicious defiling or corruption of any water source. Count III charges a violation of section 386.041 which provides that certain conditions permitted or maintained shall be prima facie evidence of maintaining a nuisance injurious to health, among which are those conditions charged in Count III, to wit, production and disposal of dangerous waste material from a manufacturing process harmful to human or animal life. None of these statutes require allegation or proof of actual harm, as does section 403.161(l)(a). Count IV, based on the latter statute, alleged that defendant did “willfully cause pollution so as to actually harm or injure human health or welfare, animal, plant or aquatic life or property.” and thus properly charged a crime pursuant to the statute and the dictates of Hamilton. (Emphasis added).
The supreme court’s statement in Hamilton that criminal penalties are imposed only if actual harm is caused refers to the statute under consideration in that case; it does not engraft the element of actual harm on all environmental and pollution control statutes. Hamilton certainly does not stand for the proposition that actual harm is a prerequisite to the imposition of any criminal penalties. There is no prohibition against the legislature proscribing improper disposal or storage of hazardous waste or deleterious substances, acts which place human health, safety and welfare in jeopardy, and making such actions subject to criminal penalties. The language of the first three counts sufficiently tracks the statutory language and adequately alleges violations of those statutes. Counts I, II and III were improperly dismissed. Count IV of the information alleges a violation of *828 section 403,161(l)(a), the same statute under consideration in Hamilton, and it does contain the required allegation of actual harm, an element of that charge. Dismissal of Count IV was also error.
REVERSED and REMANDED for further proceedings.
COBB and DANIEL, JJ., concur.

. § 403.727(3)(b), Fla.Stat. (1983).

. § 387.08, Fla.Stat. (1983).

. § 386.041, Fla.Stat. (1983).

. §§ 403.161(l)(a) and (3), Fla.Stat. (1983).

. This section provides:
It shall be a violation of this Chapter, and it shall be prohibited:
(a) To cause pollution, except as otherwise provided in this Chapter, so as to harm or injure human health or welfare, animal, plant, or aquatic life or property.
Section 403.031(7), Florida Statutes, defines pollution as
[T]he presence in the outdoor atmosphere or waters of the state of any substances, contaminants, noise, or man-made or man-induced alteration of the chemical, physical, biological, or radiological integrity of air or water in *827 quantities or at levels which are or may be potentially harmful or injurious to human health or welfare, animal or plant life, or property, or unreasonably interfere with the enjoyment of life or property, including outdoor recreation.