# STATE OF FLORIDA v CALLARO

## Case Nos. 90-005343 MO A02 and 90-008348 MM A02

County Court, Palm Beach County

June 14, 1990

### APPEARANCES OF COUNSEL

**Office of the State Attorney,** for plaintiff.

**Joseph Mincberg, Esquire,** for defendant.

**Scott G. Hawkins, Esquire,** for Town of Palm Beach.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT pursuant to the Defendant's motions to dismiss and the Court having heard argument of counsel, and having considered a memorandum of law filed by the Town of Palm Beach, hereby grants the motion as to case number 90-5343 MO A02, and denies it as to case number 90-8348 MM A02.

The defendant was arrested and charged, in case number 90-5343 MO A02, with violation of the Town of Palm Beach Ordinance 12-48, entitled, "Unnecessary Noise Prohibited Generally", and in case number 90-8348 MM A02, with violation of section 12-64, entitled, "General Operation as Nuisance".

Ordinance 12-48 states:

It shall be unlawful for any person to make, continue, or cause to be made or continued, any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of others, within the town.

Ordinance 12-64 states, in pertinent part:

(a) It shall be unlawful to conduct any dance hall, nightclub, restaurant, dance school or any other place of public accommodation, resort or amusement, in such manner as to annoy, injure or endanger the comfort, repose, health or safety of any considerable number of persons.

(b) To so conduct such dance hall . . . (etc.) in such a manner . . . (as stated above) is hereby declared a public nuisance.

The Defendant seeks to have the cases against him dismissed on the grounds that the above ordinance are unconstitutionally vague and overly broad, such that a person of ordinary intelligence would not be on notice as to what behavior is prohibited thereby.

### I. Section 12-48, Unnecessary Noise

The Defendant cites the case of *People v New York Trap Rock Corp.,* 456 N.W.S.2d 711 (Ct. App., 1982), which held that a noise control statute, almost identical to § 12-48, was unconstitutionally void for vagueness since the ordinance failed to provide an individual with adequate warning as to what was prohibited under the law and it was susceptible to arbitrary and discriminatory enforcement.

The Defendant further cites the factually distinct case of *State v Wershow,* 343 So.2d 605 (Fla. 1977) which held, inter alia, that:

When construing a penal statute against an attack of vagueness, where there is doubt, the doubt should be resolved in favor of the citizen. . . . Criminal Statutes are to be strictly construed. . . .

The Court went on to hold that:

It is constitutionally impermissible for the Legislature to use such vague and broad language that a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong. . . . The test for vagueness . . . was succinctly stated by this court . . . (as being) (w)hether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable. . . .

The Town argues that the Florida Supreme Court, in *Orlando Sports*

*Stadium,* 262 So.2d 881 (Fla. 1972) and *Thompson v State,* 392 So.2d 1317 (Fla. 1981), by upholding that similarly worded State nuisance abatement law, Fla. Stat. § 823.05, by implication, held that the language of the Town of Palm Beach's ordinance was not unconstitutionally vague.

The town states that the pertinent part of section 823.05 is:

Whoever shall erect, establish, continue, or maintain, own or lease any building or place which tends to annoy the community or injure the health of the community . . . shall be deemed guilty of maintaining a nuisance . . .

However, the Supreme Court in *Orlando, supra,* quoted the operative part of § 823.05, for purpose of their decision, to be:

Whoever shall erect, establish, continue, or maintain, own or lease . . . any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance . . .

The activity claimed to be a nuisance in *Orlando, supra,* was drug usage, an activity substantially distinct from that in the case at bar. *Thompson, supra,* cites *Orlando, supra,* for the proposition that Chapter 823 is not too vague . . . "for any of the provisions to be constitutional".

The Town cites other factually distinct cases standing for the propositions that legislative enactments are presumed valid, and that where a statute does not define words commonly used, they are construed in their plain and ordinary sense. The Town further cites cases for the propositions that a statute must be interpreted in light of the context in which it was designed to be used and that the Court may excise offending verbiage of a statute, leaving the rest operative. *State v Hagan,* 387 So.2d 943 (Fla. 1980); *City of Miami Beach v Texas,* 194 So.2d 368 (Fla. 1940); *Wiggins v City of Jacksonville,* 311 So.2d 406 (1st DCA, 1975) etc.

In the Court's view, none of these cases are determinative or particularly helpful in the case at bar as to the constitutional validity of either of the Town's ordinances. The presumption of the validity of legislative enactments comes face-to-face with, and is somewhat neutralized by the principle that criminal statutes are to be strictly construed, with all ambiguities resolved in favor of the accused. The words used in the statute are general words leaving considerable ambiguity as to the specific conduct prohibited thereby. The fact that the ordinances are designed to be used in the limited jurisdiction of the Town of Palm Beach doesn't narrow their breadth regarding what

**170**

conduct is unlawful. Finally, the Court is not a legislative body and should not be in the business of re-writing legislative enactments.

The Court is of the view that *People v New York Trap Rock Corp., supra,* while not controlling in this jurisdiction, is persuasive.

In the view of this Court, § 12-48 is so vague that people of ordinary intelligence would not be on notice as to the specific behavior prohibited thereby. Real questions exists as to: 1. how "loud" must a "noise" be to be prohibited; 2. what is an "unnecessary noise"; 3. the definition of "unusual"; 4. how many people must be "annoyed" or "disturbed" by the ambiguously defined "noise"; 5. how "annoyed" or "disturbed" must a person be before a given "noise" is prohibited; 6. if the noise is "unnecessary" and/or "unusual" enough, such as possibly Rap Music, can it be less loud than, for instance, music by Beethoven, and still be in violation of the ordinance; 7. whose standards are the police and the Court to use in determining whether a given noise is "unusual" or "unnecessary"? (Mine? I don't particularly like Rap music).

Therefore, this Court adopts the holding and reasoning of *People v New York Trap Rock Corp., supra,* and hereby dismisses case number 90-5343 A02.

## II. Section 12-64 Nuisance

The Court is not convinced that section 12-64 is unconstitutional, although it is similarly worded as is § 12-48.

The first thing that is different is that this section is much more limited as to whom it applies. By its very language, the ordinance applies specifically to public accommodation such as night clubs, dance halls, etc. and a "considerable number of persons" must be disturbed before a given notice is to be considered a nuisance.

Further, there is a case which appears to be factually similar and controlling in this jurisdiction that applies. *Bartlett v Moats,* 162 So.2d 477 (Fla. 1935), a case regarding the abatement of a nuisance, states:

> To constitute a public nuisance warranting criminal prosecution, it must appear that the act is one which injuriously affects a substantial number of persons. It has been held, however that the number need not be very great. (People v Robenfeld, 254 N.Y. 245, 172 N.E. 485). The case last cited arose under the provisions of the New York Penal law (§ 1530) defining a public nuisance, in part, as the doing of an act which *annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons,* the section being substantially a codification of the common law rule with respect to indictable nuisances . . . (emphasis added).

**171**

Therefore, this Court denies the motion to dismiss as to case number 90-8348 MM A02.

## ISSUE CERTIFIED

Pursuant to Rule 9.030(b)(4) and 9.160, Florida Rules of Appellate Procedure, I hereby certify that the following issue is of great public importance:

WHETHER THE TOWN OF PALM BEACH ORDINANCE 12-48, WHICH STATES "IT SHALL BE UNLAWFUL FOR ANY PERSON TO MAKE, CONTINUE, OR CAUSE TO BE MADE OR CONTINUED, ANY LOUD, UNNECESSARY OR UNUSUAL NOISE OR ANY NOISE WHICH EITHER ANNOYS, DISTURBS, INJURES OR ENDANGERS THE COMFORT, REPOSE, HEALTH, PEACE OR SAFETY OF OTHERS, WITHIN THE TOWN" IS UNCONSTITUTIONALLY VOID AS BEING TOO VAGUE AND OVERLY BROAD SUCH THAT A PERSON OF COMMON INTELLIGENCE MUST NECESSARILY GUESS AS TO ITS MEANING.

DONE AND ORDERED, in West Palm Beach, Florida, this 14th day of June, 1990.