Guy Fasson alias Guy Fasano, and Sam Fasson alias Sam Fasano, v. State *ex rel.* L. Grady Burton, State Attorney Tenth Judicial Circuit, Polk County.

193 So. 299
Division A
Opinion Filed January 16, 1940

*Manuel M. Glover,* for Appellants;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Appellee.

Per Curiam.—The appeal before us is from an order which adjudged and decreed:

"Therefore, Hereby Ordered, Adjudged and Decreed that the defendants, Guy Fasson, alias Guy Fasano, and Sam Fasson, alias Sam Fasano, and each of them and their joint and respective associates, agents, employees, servants and assigns be and the same are hereby jointly and severally enjoined and restrained from (1) the further operation, maintenance and conduct of any business or occupation at or in the premises of that certain building located approximately two and one-half miles west of the City of Lakeland on the Lakeland-Plant City Highway in Polk County, Florida, and known as the 'Cedar Tavern'; (2) the further operation or maintenance of any house, place or building where intoxicating liquors are sold at any place in Polk County, Florida."

This was a suit wherein the State Attorney sought by bill in chancery to enjoin as a nuisance the operation of a certain place of business.

The record shows that defendants operated a place of business near Lakeland, in Polk County, such as is commonly known as a night club and restaurant and that with the exception of the sale of intoxicating liquors the operation of the establishment was a lawful one. The record shows that the defendants in the court below, appellants here, did sell intoxicating liquors at that place.

There is nothing in the record to show that the defendants, appellants here, could not operate their legitimate business at the place mentioned without engaging in the unlawful sale of intoxicating liquors.

Without deciding in this case whether or not the unlawful sale of intoxicating liquors may be held *per se* a nuisance, we may hold that there was substantial evidence upon which the court could have based a finding that the method and manner of disposing of intoxicating liquors which was indulged in by the defendants constituted a nuisance and, under the pleadings and proof, could have entered an order enjoining the defendants from selling or otherwise disposing of intoxicating liquors at that place, so long as it was unlawful in that territory to sell or dispose of intoxicating liquors at that place.

We are of the opinion, however, in view of the entire record, that the injunction granted was too broad and in its full aspect is not supported by substantial evidence.

The record does not show that the defendants should be deprived of the use of their property for lawful purposes or that they should be enjoined from conducting lawful business and enterprises in and on such property.

We, therefore, hold that the decree should be modified

by striking therefrom the language hereinabove quoted, to-wit: "The further operation, maintenance and conduct of any business or occupation at or in the premises of that certain building located approximately two and one-half miles west of the City of Lakeland on the Lakeland-Plant City Highway in Polk County, Florida, and known as the 'Cedar Tavern'," and that when the said decree is so modified, it shall in other respects stand affirmed.

So ordered.

Affirmed as ordered modified.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.