STATE *ex rel.* L. E. MOORE v. M. C. GILLIAN, JR., and KENNETH COBB, trading and doing business under the name of LOCAL FINANCE COMPANY.

193 So. 751
Division A
Opinion Filed February 9, 1940

Pat *Whitaker, J. McHenry Jones, Philip D. Beall, R. F. Maguire* and *Maguire, Voorhis & Wells,* for Petitioners;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, and *Coe & McLane,* for Respondents;

*J. Edwin Holsberry, Wendell C. Heaton, Joseph A. Padway,* as *Amici Curiae.*

BUFORD, J.—On certiorari granted under Rule 34 we review order denying motion to dismiss amended bill of complaint and overruling demurrer to amended bill of complaint.

The bill is not without equity. Motion to dismiss takes the place of demurrers as they were used prior to the 1931 Chancery Practice Act.

The bill of complaint is not to be measured by the prayer.

"It would seem that no objection to the prayers of the bill can be raised by motion to dismiss because if the bill states a case entitling the plaintiff to any relief under any

special prayer or under the implied prayer for general relief, it will not be dismissed. See Phifer v. Abbott, 73 Fla. 402, 74 So. 488.; Fla. So. R. Co. v. Hill, 40 Fla. 1, 23 So. 566, 74 A. S. R. 124; Orlando v. Equ. Bldg., etc., Assn., 45 Fla. 507, 33 So. 986; Brokaw v. McDougal, 20 Fla. 212; Isleworth Grove Co. v. Orange County, 79 Fla. 208, 84 So. 83; Raulerson v. Peeples, 79 Fla. 367, 84 So. 370; South Fla. Citrus Land Co. v. Walden, 59 Fla. 606, 51 So. 554; White Engr. Co. v. Peoples St. Bank, 81 Fa. 35, 87 So. 753; Hewitt v. Punta Gorda State Bk., 108 Fla. 39, 145 So. 883." McCarthy's Chancery Practice Act, page 76.

The amended bill of complaint in effect alleges that respondents, holding themselves out as "salary buyers" are engaged in the short loan business and unlawfully exact and require the payment of usurious interest on such loans and that such practice constitutes a violation of the criminal and civil laws of Florida, is a menace to the public welfare and is abatable as a public nuisance.

It may be that under the allegations of the amended bill of complaint the plaintiff may be able to show that respondents indulge in practices which are unlawful and constitute a menace to public welfare, the continuance of which the State may invoke the aid of the Court of Chancery to enjoin, but it does not follow necessarily that the scope of such injunctive relief may be extended to depriving the respondents of the use of their property, their trade-name and their business location for the conducting of their lawful business in an orderly and lawful manner. See Fasson v. State *ex rel.* Burton, filed at this term of the Court.

The writ of certiorari is quashed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.