### FEDERAL AMUSEMENT COMPANY, a Florida Corporation, and CHARLES (BABE) BAKER, v. STATE OF FLORIDA, upon the relation of Frank Tuppen.

32 So. (2nd) 1                  June Term, 1947
October 3, 1947                     Division A

*Robert C. Lane,* for appellants.
*James Lathero,* for appellee.

TERRELL, J.:

This appeal is from a final decree restraining appellants from operating a night club known locally as the "Ha Ha Club." A motion to modify the injunctive order was made and denied before the appeal was taken. The suit was instituted under Section 64.11, Florida Statutes 1941, providing for the abatement of nuisances. The bill of complaint prayed that appellant be restrained temporarily and permanently from operating the "Ha Ha Club," on the theory that its cast is composed of men who impersonate women and that its performances are conducted in a suggestive, indecent and obscene manner.

The final decree restrained appellants from "operating and maintaining any public nuisance at the Ha Ha Club" and from "exhibiting for public entertainment any show or acts using female impersonators who are in fact males, and any other acts or songs, dances or jokes which are suggestive and which tend to injure the manners and morals of the people."

Appellants contend that the final decree is too general, that its effect is to prohibit them from the exercise of a lawful business that they have exercised for many years and that it prohibits them from the use of their property for such a purpose.

The record does not support the aspect in which appellants proffer their complaint. It may be admitted that the operation of a night club is a lawful business per se and that there is no lawful objection to men impersonating women or vice versa. This has been done since the beginning of the drama. The complaint is that these things were done in a nasty, suggestive and indecent manner. It is well settled that a lawful business may be abated if conducted in a way to corrupt public morals.

The record has been examined and some of the evidence is irrelevant to the point in issue, and the final decree might have accomplished the same purpose if it had been directed to performances, impersonations and jokes that are lewd, indecent or obscene. The lawful evidence presents a dirty picture, the Ha Ha Club looks as if it were a cross between a "honky tonk" and a "speak easy." The chancellor may well have determined that its major connotations were evil, that it was exerting a corrupting influence and that the time had arrived to abate it. The fact that it is alleged to have been frequented by governors, senators, county officers and others of responsible status does not help it, if it is in fact listed in the category of things proscribed by the law.

The law does not require the Ha Ha Club to live up to a higher standard of morals than that approved by the community in which it operates. If it falls below that standard it is merely through concession that virtue makes to vice, if the scales overbalance on the side of vice the social structure disintegrates. There is no greater impediment to mass virtue than a ration of filth, it is in fact, as allergic to filthy conversation as the victim of hay fever is to an outburst of ragweed. This is the theory on which laws for the abatement of nuisances of this kind are promulgated and enforced.

The judgment appealed from is accordingly affirmed but without prejudice to appellants to apply for a modification of

the chancellor's decree limiting the injunctive order to performances and impersonations that are lewd, indecent or nasty. It is indefinite and uncertain as to this and should on proper showing be modified if it was intended to go further.

Affirmed without prejudice.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.