PER CURIAM.
The appellants seek reversal by interlocutory appeal of an amended final decree in which they were, inter alia, permanently enjoined from selling alcoholic beverages and permitting dancing and entertainment on the premises known as the Five O’clock Club. The amended final decree continued in effect some of the terms of a prior injunction against appellants, prohibiting the use of the premises as a house or place of lewdness, assignation or prostitution.
The appellants operate a night club which is licensed to dispense alcoholic beverages, both by the State of Florida and the City of Miami Beach. In a prior action brought by the State’s Attorney of the Eleventh Judicial Circuit, the appellants consented to the entry of a decree which, in effect, adjudicated that the appellants maintained a public nuisance by permitting the premises known as the Five O’Clock Club to be used as a house or place of lewdness, assignation and prostitution and accordingly enjoined such action. This decree was entered in October, 1960. As a result of subsequent investigations conducted by agents of the State Beverage Department, a petition for rule nisi and -a motion for modification of the final decree of October, 1960, were filed by the State’s Attorney. The rule nisi issued and a hearing was had upon the rule nisi, the return thereto and the motion for *41 modification of the final decree. Testimony and evidence was offered before the chancellor which, in substance, disclosed that on two separate occasions subsequent to the entry of the final decree of October, 1960, employees of the appellants had committed immoral acts on the premises. As a result of the testimony and evidence offered, the chancellor entered the decree which is now under appeal.
The appellants contend that the chancellor applied a wrong rule of law to the issues and evidence before him, in that he failed to give any weight or credence to the uncontradicted evidence as to the appellants’ diligent, good faith efforts to comply with the former injunctive order. Clearly this contention is without merit, since the chancellor affirmatively found that the appellants had not wilfully violated the terms of the injunctive order, but that they had, through lack of ability and effort, permitted the immoral acts to be committed on the premises and therefore were in violation of the terms of the injunction. He further found that the service of alcoholic beverages and the solicitation for such beverages by employees from patrons of the club were incident to and connected with the maintenance and operation of a public nuisance and conducive to the continued operation of such nuisance, and concluded that due to lack of ability on the part of the appellants to prevent such acts, the businesses and activities incident and conducive to the continued maintenance of the public nuisance should be enjoined.
The appellants further contend that the isolated instances of immoral acts were not sufficient to warrant the drastic punishment of prohibiting the carrying on of legitimate enterprises on the premises. This contention we feel is also without merit. As viewed in the light of the entire record, and especially in light of the ap-pellee’s motion for modification of the final decree, the relief afforded in the amended final decree does not constitute a penalty as such, but is an effort to suppress the pub-lie nuisance by extension of the original injunction. It is axiomatic that the chancellor could not have prohibited a lawful business conducted in an orderly and lawful manner on the premises. See Fasson v. State ex rel. Burton, 141 Fla. 367, 193 So. 299; State ex rel. Moore v. Gillian, 141 Fla. 707, 193 So. 751. See also Federal Amusement Co. v. State ex rel. Tuppen, 159 Fla. 495, 32 So.2d 1. However, the record shows, and the chancellor so found, that the appellants here could not operate their legitimate business at the Five O’Clock Club without permitting the acts of lewdness, assignation and solicitation for prostitution which had been decreed to constitute a public nuisance. Clearly the chancellor had the power to deprive the appellants of the use of their property when it was found necessary to secure the relief warranted by the particular facts. Cf. Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305.
Accordingly, the amended final decree appealed is affirmed.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.
CARROLL, CHAS., J., dissents.