PEARSON, Judge.
The Reverend George Sawyer appeals a final judgment dismissing his complaint. The complaint was framed on the theory that a housing unit operated in violation of the minimum housing requirements of the City of Miami was a nuisance and, as such, was subject to injunctive relief pursuant to § 823.05, Fla.Stat.,[1] F.S.A.
The complaint sets forth that the City of Miami Code § 24-12 provides that every dwelling shall have water heating facilities and that the apartment building in which the appellant resides is equipped with “an out-moded and grossly ineffectual solar water heating apparatus which provides no hot water.” The complaint then prayed that the court permanently enjoin the defendant-appellee from maintaining a rental business and collecting rents from apartment four, which the appellant occupied, until the nuisance was abated.[2]
Appellant maintains that since the City of Miami Code provides minimum standards for rental premises, any violation *517 of the housing code is a nuisance under § 823.05. The trial judge did not agree and entered an order dismissing the complaint. We affirm.
The appellee contends that the substance of the court’s holding is that a violation of the minimum standard for rental housing as set by a governmental authority is not a nuisance within the meaning of § 823.05 and urges us to expressly so hold. We expressly decline to so hold. An examination of § 823.05 convinces us that it is designed to protect the public health and morals of the community. A violation of the minimum standard for rental housing as set by a governmental authority may be but is not necessarily a nuisance within the meaning of that section.
The trial judge correctly ruled that, if anything, the complaint before him alleged a contractual violation for which the appellant had adequate remedies at law.
Affirmed.

. “Places declared a nuisance; may be abated and enjoined. — Whoever shall erect, establish, continue, or maintain, own or lease any building, booth, tent or place which tends to annoy the community or injure the health of the community, or become manifestly injurious to the morals or manners of the people as described in § 823.01, or shall be frequented by the class of persons mentioned in § 856.02, or any house or place of prostitution, assignation, lewdness or place or building where games of chance are engaged in violation of law or any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures and contents are declared a nuisance. All such places or persons shall be abated or enjoined as provided in §§. 60.05 and 60.06.”

. “16. By virtue of Florida Statutes § 60.05 (1967), F.S.A., the Court may enjoin the conduct, operation or maintenance of any business or activity operated or maintained in the building or on the premises in connection with or incident to the maintenance of the nuisance.
“WHEREFORE, Plaintiff prays that the Court enter its Order permanently enjoining the Defendant from maintaining a rental business and collecting rents for apartment #4 at 1710 N.W. First Place, Miami, Florida, until the nuisance is abated.
“And Plaintiff further prays that, during the pendency of this action, a temporary injunction issue to enjoin and restrain the Defendant from the acts and conduct aforesaid.”