PEARSON, Chief Judge.
The named appellants allege they are tenants in an apartment house owned and operated by the appellees. These tenants brought a suit in the name of the state alleging that because of unsanitary conditions the apartment house constituted a public nuisance. They prayed for, among other things, an injunction to abate the public nuisance. The trial judge dismissed the complaint, “without leave to the plaintiffs to further amend but specifically reserving unto each and every plaintiff their right to seek redress for any contractual breach between the landlord and the tenant, if any.” This appeal is from that order. '
The central issue seems to be whether tenants may seek the aid of a court of equity to enjoin the maintenance by their landlord of a public nuisance on the property they occupy. We think a tenant is not barred from this type of action because he is a tenant. We reverse.
*47 First we should make it clear that a large portion of appellants’ amended complaint is surplusage. These portions are subject to a motion to strike by the defendants or by the court sua sponte. The surplus portions of the complaint are several pages which purport to enumerate ways in which the apartment house does not conform to Chapter 17 of the Code of Metropolitan Dade County (popularly called the Minimum Housing Standards Ordinance). As noted by the trial judge in his order of dismissal we have held, “[a] violation of the minimum standard for rental housing as set by a governmental authority may be but is not necessarily a nuisance within the meaning of * * * section [823.05 Fla. Stat.].” Sawyer v. Robbins, Fla.App. 1968, 213 So.2d 515, 517.
The complaint must be tested upon a motion to dismiss by the sum of its parts. Stripped of its verbiage the amended complaint alleges: (1) the premises are infested with vermin, insects, and rodents inside and out; (2) furniture supplied by the defendants is unsafe and unfit for use; (3) the exterior of the building and the premises are maintained in an unsanitary and unhealthy manner in that raw sewage, stagnant water, trash, and debris are permitted to accumulate thereon; (4) sewage waste disposal facilities are not properly constructed in that sewer gas or effluvia rise into the first and second floor apartments; (5) these conditions are of long standing and persist despite numerous complaints; (6) these conditions are causing great and irreparable injury to the health of plaintiffs and other members of the public; (7) plaintiffs cannot be fully compensated by damages and are without any adequate remedy at law.
The trial judge in his order dismissing the complaint specifically found Sawyer v. Robbins, supra, controlling. In that case we affirmed a holding that a tenant’s complaint founded solely upon allegations that a housing unit (equipped with an ineffectual water heating apparatus) was operated in violation of the minimum housing requirements of the City of Miami did not state a cause for injunctive relief. The present complaint, although relying in part upon violation of the housing code, went much further in its allegations. As above pointed out the complaint alleges in detail factual matters which, if established by proof, would constitute serious dangers to the health of the tenants and to the public generally.
Section 823.05, Fla.Stat.[1], F.S.A., provides that one who maintains, owns, or leases a building which tends to annoy the community or injure the health of the community shall be deemed guilty of maintaining a nuisance. The statute further provides; “[a] 11 such places or persons shall be abated or enjoined as provided in §§ 60.05 and 60.06.” Section 60.05 provides that when any nuisance as defined in § 823.05 exists any citizen of the county may sue in the name of the state to enjoin the ■nuisance.
In Pompano Horse Club v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927), the Supreme Court of Florida affirmed a judgment entering an injunction after trial upon the complaint of a private citizen suing in the name of the *48 state in which it was established that the defendants maintained an illegal place for gambling. The maintenance of such a nuisance is proscribed in the same section this court is now asked to apply. See also National Container Corporation v. State ex rel. Stockton, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000 (1939) ; State ex rel. Moore v. Gillian, 141 Fla. 707, 193 So. 751 (1940); Valdez v. State ex rel. Farrior, 142 Fla. 123, 194 So. 388 (1940).
Appellee suggests several reasons why we should not hold that the present complaint states a cause of action. First it is urged that the allegations of the complaint are not sufficient to show that the conditions alleged are injurious to the community as a whole, citing Beckman v. Marshall, Fla. 1956, 85 So.2d 552. We think the allegations of health hazards as claimed in the complaint do not come within the purview of the holding of the Supreme Court in Beckman. There the court dealt with a day nursery for children, and the record showed only that the operation of the nursery was offensive to the plaintiffs who were close neighbors. Moreover, the plaintiffs were suing individually to enjoin a private nuisance and not in the name of the state to enjoin a public nuisance.
Second, in oral argument, it is suggested that appellants may have created the conditions themselves and that appel-lees are in no way responsible. This is a matter of proof, and upon motion to dismiss the well-pleaded allegations of the complaint are taken as admitted. Crutchfield v. Adams, Fla.App.1963, 152 So.2d 808.
Lastly appellees argue that the complaint does not negative the existence of an adequate remedy at law by enforcement of the punitive provisions of the county ordinance referred to or by suit upon the rental contract as suggested by the trial court in his order of dismissal. We find neither of these arguments convincing.
As to the ordinance it is clear that punishment for a violation of law does not constitute a bar against an action for enjoining a public nuisance. Pompano Horse Club v. State ex rel. Bryan, supra, 111 So. at 809. The various conditions enumerated in § 823.05 are all unlawful. The apparent purpose of the section is to provide an additional and it is hoped a more expeditious remedy against the maintenance of a public nuisance. For the same reason we do not think that the plaintiffs may be relegated to individual suits upon their rental contracts. The courts may take judicial notice of the fact that such a procedure is both cumbersome and unlikely to be adequate. We must not overlook the fact that while these plaintiffs are tenants they are also a part of the public. Their legal status as tenants in relation to their landlord does not remove them from the operations of the provisions of the statutory law they seek to use. As the court stated in the Pompano Horse Club case:
“The question for determination is, not whether a place kept and maintained for purposes forbidden by statute constitutes a nuisance — that fact having been lawfully determined by the Legislature — but whether the place in question was so kept and maintained.” Ill So. at 807.
Reversed and remanded for further proceedings.
Reversed.

. “823.05 Places declared a nuisance; may be abated and enjoined. Whoever shall erect, establish, continue, or maintain, own or lease any building, booth, tent or place which tends to annoy the community or injure the health of the community, or become manifestly injurious to the morals or manners of the people as described in § 823.01, or shall be frequented by the class of person mentioned in § 856.02, or any house or place of prostitution, assignation, lewdness or place or building where games of chance are engaged in violation of law or any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures and contents are declared a nuisance. All such places or persons shall be abated or enjoined as provided in §§ 60.05 and 60.06.”