295 So.2d 658 (1974)
STATE of Florida ex rel. Frank C. Gardner et al., Appellants,
v.
SAILBOAT KEY, INC., et al., Appellees.
Nos. 74-8, 74-9.
District Court of Appeal of Florida, Third District.
May 7, 1974.
On Rehearing June 19, 1974.
*659 Paul & Thomson and Joseph Z. Fleming, William Huggett, Miami, for appellants.
Sams, Anderson, Alper, Spencer & Post, Sam Daniels, Horton & Perse, Miami, John S. Lloyd, City Atty., for appellees.
Robert L. Shevin, Atty. Gen., for amicus curiae.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
The plaintiffs below filed an appeal (No. 74-8) and an interlocutory appeal (No. 74-9) from an order entered on motion of defendants to dismiss the plaintiffs' four-count complaint for declaratory judgment, and for supplemental injunctive relief.
In the order appealed from the court dismissed the complaint as to the first count with leave to amend [pursuant to which an amended first count later was filed], and dismissed the complaint as to the second, third and fourth counts with prejudice. On appeal the plaintiffs contend the court committed error in dismissing the complaint as to the second, third and fourth counts.
The complaint as amended was directed to harm which it was anticipated would befall the residential area on the mainland as a result of the city having zoned Fair Isle *660 (an undeveloped island in Biscayne Bay lying several hundred feet off shore from a residential section of Miami just north of Coconut Grove), to a classification permitting construction thereon of four high rise residential buildings (two of forty stories and two of thirty-six stories) to house some three thousand persons, with social clubs, nightclubs, marina, etc., said island being connected by a bridge accessible from South Bayshore Drive by a street passing through the existing residential area.
The second count alleged that in applying for the zoning the defendant landowner was guilty of misrepresentations, and of deceptive trade practices violative of the Florida Unfair Trade Practices and Consumer Protection Act, § 817.76 et seq., Fla. Stat., F.S.A. (Ch. 73-124). We find no error in the dismissal of that count. The alleged misrepresentations would not give rise to an action by the plaintiffs. The same is true as to violations of the Consumer Protection Act, if such occurred.
The third count presented an application to enjoin the threatened public nuisance alleging that the construction and use of the property for the purpose for which it had been so zoned would result in construction and maintenance of a place which would tend to annoy the community, as provided for by §§ 60.05(1) and 823.05 Fla. Stat., F.S.A. Numerous factors and results which would constitute such an annoyance to the community were alleged in that count. In the brief of the appellees, with reference thereto, it was stated: "In Counts III and IV, plaintiffs allege that even if Fair Isle is developed and operated in strict accord with all zoning and building laws as authorized by the appellee City of Miami, it will be both a private and a public nuisance."
The order dismissing the complaint as to the third count did not contain a statement of the reason or grounds therefor. The appellees contend it was proper for two reasons. First, appellees argue that the plaintiffs were without standing to sue to enjoin a public nuisance, in absence of allegation and showing they had sustained or would sustain special damages or injury different in kind from that to the public at large. Secondly, they argue that a construction upon and use of property which has been authorized by the zoning thereof would not constitute a public nuisance.
The first of those grounds is without merit. An action to abate a public nuisance[1] may be brought by a citizen of the county in the name of the state (§ 60.05(1) Fla. Stat., F.S.A.), without the necessity of prior application to the state's attorney to bring the suit (Pompano Horse Club v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51) and without necessity for the citizen relator to show he has sustained or will sustain special damages or injury different in kind from injury to the public at large. Pompano Horse Club v. State ex rel. Bryan, supra; Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356 National Container Corporation v. State ex rel. Stockton, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000; Demetree v. State ex rel. Marsh, Fla. 1956, 89 So.2d 498, 502; State ex rel. Brown v. Sussman, Fla.App. 1970, 235 So.2d 46.[2]
*661 However, having standing to so proceed is not sufficient in this instance. This is so, because construction which is permitted by the zoning and use of the property for the purpose zoned, and thereby authorized through such legislative action of the municipality, would not be a nuisance per se. In National Container Corporation v. State ex rel. Stockton, supra, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000, an action was filed by citizens of Duval County, in the name of the state, seeking to enjoin the defendants from erecting and operating a wood pulp mill, upon a certain site, on the ground that it would constitute a public nuisance. The project sought to be restrained had been expressly authorized by an act of the legislature, notwithstanding common knowledge of the offensive character thereof. The Supreme Court recognized the standing of the relator-plaintiffs to maintain such action, but held that because of the legislative authority for the construction and operation of the wood pulp mill, it would not be a nuisance per se and not be subject to abatement as such.
Here it was municipal legislation which authorized the use of the property in a manner which the plaintiffs contended would be a public nuisance. In theory, municipal legislative authority for a certain use of property should have the same effect as state legislative authority therefor. The weight of authority gives municipal legislation (such as by a zoning ordinance) the effect of immunizing the authorized use from being held to be a public nuisance. See 166 A.L.R. 659, 662-663.
It is indeed a harsh rule, by which a use of property that otherwise would constitute a public nuisance abatable at suit of a citizen in the name of the state, can be held to be immunized from abatement because it was authorized by legislative action  in this case by a city commission by zoning, or special zoning ordinance.[3] However, that being the rule, the remedy would appear to be by challenge of the propriety or legality of the enactment of zoning legislation which would authorize a public nuisance and have the effect of immunizing it against abatement. This is not that case.
Accordingly, we hold no error was made by the trial court in dismissing the complaint as to the third count.
By count four, in essence, it was sought to enjoin the use of the premises for the purpose for which it was zoned, on the ground that to do so would constitute a private nuisance. Dismissal thereof was proper for the reason assigned above as to dismissal of the third count, and on the ground of want of the individual plaintiffs to have standing therefor and of the associations and institutional plaintiffs to be in a position to have such standing, because of failure to show they have sustained or will sustain special damages or injuries different in kind, and not merely in degree, from injury to the public at large. See footnote No. 2.
No reversible error having been made to appear, the order appealed from is affirmed.

ON REHEARING GRANTED
PER CURIAM.
By the opinion and judgment filed May 7, 1974, this court affirmed an order dismissing with prejudice the second, third and fourth counts of the complaint.
On consideration of the appellants' petition for rehearing we granted rehearing as to the portion of the petition which suggested that our affirmance of the dismissal of the third count of the complaint was incorrect, and that the ground upon which our opinion based such affirmance was contrary to and in conflict with Florida decisions.
*662 Having considered the matter, with benefit of further oral argument thereon, our opinion of May 7, 1974 is hereby amended to hold that the trial court committed error in striking or dismissing the third count of the complaint.
Regarding the third count, which alleged and sought abatement of a threatened public nuisance, we held that those plaintiffs who were citizens of the county had standing to so proceed in the name of the state, but held that because municipal zoning would permit the construction and use of the property, which it was alleged would constitute a public nuisance, it was not subject to abatement as a public nuisance per se. In so holding we cited and relied on National Container Corporation v. State ex rel. Stockton, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000, as having held that legislative authority for construction and operation of a wood pulp mill made it immune to challenge as a public nuisance per se; and we went further and attributed the same force to a municipal zoning ordinance.
The petition for rehearing has called to our attention that the authorization for the facility involved in the National Container case was not statutory, but was conferred by organic law, by an amendment to § 12 of Art. IX of the Constitution of Florida approved November 4, 1930, which related to industrial plants for stated purposes, including wood pulp mills. Moreover, in that case the court noted that the authority therefor was more than statutory, being based on organic law, and further stated: "We have provision of the organic law which is a definite recognition that a pulp mill is not a public nuisance when properly conducted and operated."
In State ex rel. Shevin v. Tampa Electric Company, Fla.App. 1974, 291 So.2d 45, decided recently by the second district court of appeal, it was said: "But in any case, it is clear to us that a given activity can constitute a judicially abatable nuisance notwithstanding full compliance with either legislative mandate or administrative rule."
Based on that holding, a fortiori, a given activity may constitute a judicially abatable nuisance notwithstanding its compliance with a municipal zoning ordinance. In our filed opinion we noted the existence of authority to the contrary in other jurisdictions. However, we now observe that on the basis of such treatment as has been given the matter in Florida decisions our holding in the main opinion that a use of property in compliance with a zoning ordinance may not be abatable as a nuisance per se was not correct.
Accordingly, the provision of the order appealed from by which the third count of the complaint was dismissed is reversed, and the cause is remanded for further proceedings on that count. In other respects the petition for rehearing is denied.
It is so ordered.
NOTES
[1] Suit will lie to enjoin the commission of threatened action of a kind that would be subject to restraint. Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625, 626; Lewis v. Peters, Fla. 1953, 66 So.2d 489, 492-493.
[2] A different rule applies where one seeking to enjoin a public nuisance proceeds as an individual, and not in the name of the state under § 60.05 Fla. Stat., F.S.A. In that instance, for there to be standing to so proceed, it must be shown that the complaining individual has "sustained [or will sustain] special or peculiar injuries different in kind, not merely in degree, from the injury to the public at large." See Bair v. Central and Southern Flood Con. Dist., Fla. 1962, 144 So.2d 818, 821 and cases cited there in footnote 8.
[3] But a public nuisance resulting from the manner of use would be subject to abatement. See National Container Corp. v. State ex rel. Stockton, supra (189 So. at 17).