338 So.2d 1324 (1976)
HEALTH CLUBS, INC., a Florida Corporation, et al., Appellants,
v.
STATE of Florida ex rel. Robert EAGAN, As State Attorney for the Ninth Judicial Circuit, Appellees.
No. 76-1446.
District Court of Appeal of Florida, Fourth District.
November 12, 1976.
*1325 David A. Demers of the Law Offices of Robert W. Pope, St. Petersburg, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, and Rom W. Powell, Asst. State Atty., Orlando, for appellees.
ALDERMAN, Judge.
This is an interlocutory appeal from an order of the Circuit Court of Orange County denying appellants' motion to dismiss.
The State of Florida filed an action to abate or enjoin a public nuisance alleging that the trial court had jurisdiction pursuant to Sections 823.05, 60.05, 60.06 and 796.07, Florida Statutes (1975). It was alleged that the defendant, Health Clubs, Inc., was a Florida corporation purportedly engaged in a health club business for men known as the "Garden of Paradise" located at 2477 South Orange Blossom Trail, Orange County, Florida. Defendants Raymond Cataldo, Ioannis Diamandopolous and Philip Ranson were alleged to be the officers and directors of the corporate defendant. Defendants Stephen Cataldo and Michael Gort were alleged to be employees of the corporate defendant or to have taken an active part in the operation of the business. The complaint then contained the following allegations:
"6. On the 20th day of November, 1975, and continuously up to and including the date of the filing of this Complaint, the Defendants have maintained and operated, or permitted to be maintained and operated, the aforesaid premises and business for the purpose of lewdness, in that the Defendants have employed or permitted certain female attendants to solicit and to perform certain services for male customers within the said premises for a monetary fee. These services consisted of so-called `body shampoos', wherein the female attendants either partially or fully disrobed and washed the male customer's nude body with sponge, soap and water, and/or consisted *1326 of so-called `hand relief', wherein the female attendants masturbated the male customers.
7. By reason of the above-described conduct on the part of the Defendants and those acting in concert with them, the business and premises known as the `Garden of Paradise' is a place of lewdness, which tends to annoy the community and is manifestly injurious to the morals or manners of the people of the County of Orange, State of Florida, and therefore constitutes a public nuisance. Unless the Defendants are restrained by order of this Court, they and those persons acting in concert with them will in the future persist in maintaining and operating, or permitting to be maintained and operated a place of lewdness and a public nuisance, in violation of the Laws of the State of Florida and to the irreparable damage of the people of the County of Orange, State of Florida."
In response to the complaint, appellants filed a motion to strike and a motion to dismiss. The trial court granted the motion to strike and in its order stated:
"The defendants' motion to strike that portion of paragraph 6 of the complaint which states that: `These services consisted of so-called "body shampoos" wherein a female attendant either, partially or fully disrobed, and washed the male customer's nude body with sponge, soap and water', is granted commencing with the word `wherein' and ending with the word `water', since there appears to be no prohibition against such activity within the statutes or the case law of the State of Florida."
The trial court then denied appellants' motion to dismiss the complaint. We must reverse. After removing the language stricken by the trial court, the last sentence in paragraph 6 of the complaint now reads:
"These services consisted of so-called `body shampoos', and/or consisted of so-called `hand relief' wherein the female attendants masturbated the male customers." (emphasis supplied)
The use of the combined conjunctive and disjunctive phrase "and/or" has gutted the State's complaint. Assuming, as found by the trial judge, that there is no prohibition against "body shampoos" the complaint now alleges that the services complained of consisted of either innocent acts or wrongful acts. We can express our disapproval of this type of pleading in no better words than those written 44 years ago by Justice Terrell:
"... we take our position with that distinguished company of lawyers who have condemned its use. It is one of those inexcusable barbarisms which were sired by indolence and dammed by indifference, and has no more place in legal terminology than the vernacular of Uncle Remus has in Holy Writ. I am unable to divine how such senseless jargon becomes current. The coiner of it certainly had no appreciation for terse and concise law English."

Cochrane v. Florida East Coast Ry. Co., 107 Fla. 431, 145 So. 217, 218 (1932).
Were it not for the State's careless use of the phrase "and/or," the complaint would have been sufficient to withstand a motion to dismiss. Section 823.05, Florida Statutes (1975), provides:
"Places declared a nuisance; may be abated and enjoined.  Whoever shall erect, establish, continue, or maintain, own or lease any building, booth, tent or place which tends to annoy the community or injure the health of the community, or become manifestly injurious to the morals or manners of the people as described in § 823.01, or shall be frequented by the class of persons mentioned in § 856.02, or any house or place of prostitution, assignation, lewdness or place or building where games of chance are engaged in violation of law or any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures and contents are declared a nuisance. All such places or persons shall be *1327 abated or enjoined as provided in §§ 60.05 and 60.06. (emphasis supplied)
Section 60.05(1), Florida Statutes (1975), provides as follows:
"Abatement of nuisances. 
(1) When any nuisance as defined in § 823.05 exists, the attorney general or state attorney or any citizen of the county may sue in the name of the state on his relation to enjoin the nuisance, the person or persons maintaining it, and the owner or agent of the building or ground on which the nuisance exists."
Section 60.06, Florida Statutes (1975), further provides:
"Abatement of nuisances; enforcement.  The court shall make such orders on proper proof as will abate all nuisances mentioned in § 823.05, and has authority to enforce injunctions by contempt but the jurisdiction hereby granted does not repeal or alter § 823.01."
Section 796.01, Florida Statutes (1975), reads as follows:
"Keeping house of ill fame.  Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083." (emphasis supplied)
Section 796.07(2)(a), Florida Statutes (1975), also provides:
"(2) After May 1, 1943, it shall be unlawful in the state:
(a) To keep, set up, maintain, or operate any place, structure, building, or conveyance for the purpose of lewdness, assignation, or prostitution." (emphasis supplied)
Section 796.07(1)(b), Florida Statutes (1975), provides:
"The term `lewdness' shall be construed to include any indecent or obscene act."
We agree with the trial court's conclusion that masturbation for hire by a female of a male customer under the circumstances alleged in the complaint is an indecent act and thus constitutes lewdness and is subject to being declared a nuisance under Section 823.05. The trial court held that the complaint stated a cause of action. Were it not for the State's neutralization of its own complaint, we would affirm.
The Supreme Court has previously rejected the argument that Section 796.07 is unconstitutional because the term lewdness is vague, holding that the statute is sufficiently definite to withstand attacks of vagueness and overbreadth and to convey a sufficiently definite warning of proscribed conduct when measured by common understanding and practice. Bell v. State, 289 So.2d 388 (Fla. 1973).
The procedure for abating or enjoining a public nuisance was approved by the Supreme Court in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (1972). The allegations of the complaint in the Orlando Sports Stadium case are similar to the State's allegations in the present case except that the alleged nuisance complained of there was use of the premises for unlawful drug use, rather than for "the purpose of lewdness."
For the benefit of counsel and the court below we note that the scope of the injunction sought by the State in the present case is too broad. It seeks to enjoin the entire business of the "Garden of Paradise," not just the particular acts alleged to constitute a nuisance. Appellants must at least be given the opportunity to demonstrate that they can operate a legitimate health club business on the premises without the alleged lewdness. Where illegal conduct which has been decreed to constitute a public nuisance is separable from legal conduct within a business enterprise, only the illegal conduct may be enjoined. Five Sky, Inc. v. State, 131 So.2d 39 (Fla.3d DCA 1961); Fasson v. State, 141 Fla. 367, 193 So. 299 (1940).
REVERSED and REMANDED with leave for the State to file an amended complaint, and for further proceedings consistent with this opinion.
CROSS and DOWNEY, JJ., concur.