377 So.2d 28 (1979)
HEALTH CLUBS, INC., a Florida Corporation; Raymond Cataldo; Ioannis Diamandopolous; Stephen Cataldo and Michael Gort, Appellants,
v.
The STATE of Florida ex rel. Robert EAGAN, As State Attorney for the Ninth Judicial Circuit of Florida, Appellee.
Ioannis DIAMANDOPOLOUS, Appellant,
v.
The STATE of Florida ex rel. Robert EAGAN, As State Attorney for the Ninth Judicial Circuit of Florida, and Health Clubs, Inc., et al., Appellees.
Stephen CATALDO, Appellant,
v.
The STATE of Florida ex rel. Robert EAGAN, As State Attorney for the Ninth Judicial Circuit of Florida, and Health Clubs, Inc., et al., Appellees.
Nos. 77-2104/NT4-47, 77-2421/NT4-47A and 77-2423/NT4-47B.
District Court of Appeal of Florida, Fifth District.
November 7, 1979.
Rehearing Denied December 19, 1979.
*29 Robert W. Pope of Law Offices of Robert W. Pope, P.A., St. Petersburg, for appellants.
Robert Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, and Rom W. Powell, Asst. State's Atty., Orlando, for appellee, State of Florida ex rel. Robert Eagan.
MOORE, JOHN H., II, Associate Judge:
This is a consolidated appeal from a final judgment abating a public nuisance and from subsequent judgments of contempt. Appellants contend, in part, that the final judgment should be reversed because it enjoins lawful as well as unlawful activity. We agree with this contention. However, we affirm the judgments of contempt.
The amended complaint[1] filed by the State of Florida alleged that the appellants operated a purported health club, i.e. "The Garden of Paradise", "for the purpose of lewdness, in that the defendants have employed or permitted certain female attendants to masturbate or perform fellatio upon male customers not their spouses for a fee within said premises." The complaint further alleged that the health club constituted a nuisance and sought to have it abated by a permanent injunction.
The trial court agreed with the State and enjoined the defendants from operating a health club in which nude or seminude persons of the opposite sex touched each other for any purpose, from advertising that the health club has as its purpose the relieving of sexual tension, from permitting any sexual activities on the business premises, and from providing female attendants for male customers. The Court also ordered that female attendants remain in the lounge near the front entrance and utilize an adjacent restroom when male customers are in attendance, and that separate days be established for male and female customers.
While the appeal from this final judgment was pending, the lower court found the appellants Ioannis Diamandopolous and Stephen Cataldo in contempt for violating it. The violation consisted of their permitting a female attendant to administer a topless "body shampoo" to a male customer.
Although we concur with the State's contention that the particular acts alleged in its amended complaint were subject to be enjoined, the injunction granted by the lower court was overbroad. As we stated in the previous opinion dealing with this case, "Where illegal conduct which has *30 been decreed to constitute a public nuisance is separable from legal conduct within a business enterprise, only the illegal conduct may be enjoined." Health Clubs, Inc., supra. See also Five Sky, Inc. v. State, 131 So.2d 39 (Fla. 3rd DCA 1961); Fasson v. State, 141 Fla. 367, 193 So. 299 (1940). One can operate a health club which permits commingling of the sexes without allowing lewd activity. The instant injunction prohibits such a bona fide arrangement. It also precludes legitimate massages by an individual of one sex upon an individual of the opposite sex. We believe that the instant injunction should have been limited to the acts specified in the State's complaint. As the injunction now stands, a considerable amount of lawful business activity is prohibited.
Even though we have decided that the injunction is overbroad, we affirm the judgments of contempt. One charged with contempt may defend by showing that the order was void, but it is no defense that the order was merely erroneous, as distinguished from void. Sandstrom v. State, 309 So.2d 17 (Fla. 4th DCA 1975); Friedman v. Friedman, 224 So.2d 424 (Fla. 3rd DCA 1969). Where the lower court had jurisdiction, the injunction must be obeyed until vacated or modified by that court or until it has been reversed on appeal, no matter how unreasonable and unjust the injunction may be in its terms. Seaboard Airline Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529 (1931). Cf. Sandstrom, supra (Court order must be obeyed until reversed for error by orderly review unless it is transparently invalid or has only a pretense to validity).
The final judgment abating a public nuisance clearly enjoined the appellants from providing female attendants for male customers. Rather than waiting for the outcome of this appeal, the appellants chose to violate the injunction, and having done so, were properly found to be in contempt.
Finding appellants' other arguments to be without merit, we reverse the final judgment abating a public nuisance and remand for proceedings consistent with this opinion. The judgments of contempt are affirmed.
BERANEK, JOHN R., and FARRINGTON, OTIS, Associate Judges, concur.
NOTES
[1] This Court previously held that the original complaint was defective in that it alleged, in effect, that the defendants violated the law by innocent and/or wrongful acts. Health Clubs, Inc. v. State ex rel. Eagan, 338 So.2d 1324 (Fla. 4th DCA 1976).