BOOTH, Judge.
This cause is before us on appeals from various orders entered in the proceeding below brought by the State under Florida Statutes, § 823.05, to enjoin defendants from operating a purported health club on the grounds that it constituted a public nuisance. Motion to dismiss and to strike was filed asserting, inter alia, that the prayer for relief was overly broad. Hearing was held on the plaintiff’s application for temporary injunction, and evidence was adduced in the form of testimony and affidavits by the plaintiff in support of the complaint. The defendants offered no evidence. Thereafter, the court entered its order of December 13, 1978,[1] granting a temporary injunction based on the following findings:
“That the central business purpose of the Health Clubs of Jacksonville, Inc., located at 6850 Arlington Expressway, Jacksonville, Florida, and its operators, Phillip Ranson, Raymond Cataldo, and Ioannis Diamondopoulos, is for purposes of lewdness.
“That the Health Clubs of Jacksonville, Inc., located at 6850 Arlington Expressway, Jacksonville, Florida, Phillip Ran-son, Raymond Cataldo, and Ioannis Diam-ondopoulos failed to elicit evidence or otherwise demonstrate that the premises is or could be operated as a legitimate business either in whole or in part.”
• On January 5, 1979, the trial court entered an order denying defendants’ amended motion to dismiss the complaint and to strike portions of the prayer for relief.
On January 31, 1979, plaintiff filed a petition for rule to show cause, setting forth the various circumstances of defendants’ violations of the temporary injunction of the court, with supporting affidavits, and the matter was noticed for hearing. The trial court entered order to show cause why defendants should not be adjudged guilty of, and punished for contempt of court. Thereafter, hearing was held, and defend *1175 ants again offered no evidence. The trial court entered a judgment of civil contempt, setting forth the various details of appellants’ violations of the order of temporary injunction, finding no mitigating circumstances, holding defendants guilty of civil contempt. The order fines Health Clubs of Jacksonville $100,000 and each individual defendant $30,000. The trial court also entered a judgment of criminal contempt, finding willful disobedience of the trial court’s order and sentencing each individual defendant to six months in the county jail.
Thereafter, on March 13, 1979, plaintiff moved for entry of a default for failure of defendants to answer the complaint, and default was duly entered March 22, 1979. By order dated March 28, 1979, the trial court permanently enjoined defendants from continuing “said nuisance of unlawful acts” and directed the Sheriff to abate the public nuisance by taking possession of the premises. The order of permanent injunction makes the following findings:
“That the central business purpose of the Health Clubs of. Jacksonville, and its operators, Phillip Ranson, Raymond Cataldo, and Ioannis Diamondopou-los, is for purposes of lewdness.
“The Court finds that the business of Health Clubs of Jacksonville, as is presently operated by Phillip Ran-son, Raymond Cataldo, and Ioannis Diam-ondopoulos is and does constitute a nuisance under the laws of the State of Florida.
“The Court finds that Health Clubs of Jacksonville, ... as operated by Phillip Ranson, Raymond Cataldo, and Io-annis Diamondopoulos could not be operated as a legitimate business without permitting acts of lewdness, to-wit: masturbation for compensation. Five Sky, Inc. vs. State, 131 So.2d 39 DCA 1961; Health Clubs, Inc. vs. State, ex. rel., Eagan, 339 [sic] [338] So.2d 1324 4th DCA (1976).”
Defendants’ motion to set aside the default and to set aside and vacate the permanent injunction order was heard and denied by order of the court dated April 5, 1979.
On appeal to this court, defendants raise a number of issues, including the contention that the prayer for relief in the complaint should have been stricken as too broad in that it seeks to enjoin the entire business of appellants. As authority for this contention, appellants cite Health Clubs, Inc. v. State ex rel. Eagan, 338 So.2d 1324 (Fla. 4th DCA 1976), and Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 4th DCA 1979). The first opinion holds that the complaint seeking to abate a health club as a public nuisance was defective in alleging violation of the law by innocent and/or wrongful acts, a defect not present in the complaint here. In concluding, the court noted “For the benefit of counsel and the court,” as follows (338 So.2d at 1327):
“For the benefit of counsel and the court below we note that the scope of the injunction sought by the State in the present case is too broad. It seeks to enjoin the entire business of the ‘Garden of Paradise,’ not just the particular acts alleged to constitute a nuisance. Appellants must at least be given the opportunity to demonstrate that they can operate a legitimate health club business on the premises without the alleged lewdness. Where illegal conduct which has been decreed to constitute a public nuisance is separable from legal conduct within a business enterprise, only the illegal conduct may be enjoined. Five Sky, Inc. v. State, 131 So.2d 39 (Fla. 3d DCA 1961); Fasson v. State, 141 Fla. 367, 193 So.2d 299 (1940).” (e. s.)
The court did not strike the prayer for relief, but warned that appellants must be given opportunity to demonstrate they could operate a legitimate business.
In the second Health Clubs case cited, supra, the appeal was from the final judgment in the same suit, granting permanent injunction, and from subsequent judgments of contempt. The Fourth District Court of Appeal there held that the injunction was too broad, but affirmed the judgments of contempt for its violation.[2] In the second *1176 Health Clubs case, the order granting permanent injunction permitted the continued operation of the business, but enjoined specific conduct. The District Court held that some of the conduct enjoined was not illegal in and of itself, such as providing female attendants for male customers, and should not have been enjoined. Since the trial court permitted the continuation of the business, that court obviously found the business could be operated in a legitimate fashion under the test set out in the first Health Clubs case, supra, a test taken from Five Sky, Inc. v. State, 131 So.2d 39, 41 (Fla. 3rd DCA 1961), wherein the court held:
“[T]he record shows, and the chancellor so found, that the appellants here could not operate their legitimate business at Five O’Clock Club without permitting the acts of lewdness, assignation and solicitation for prostitution which had been decreed to constitute a public nuisance. Clearly the chancellor had the power to deprive the appellants of the use of their property when it was found necessary to secure the relief warranted by the particular facts . . ”
The trial court in the instant case applied the above rule and found, as did the court in Five Sky, supra, that the business could not be operated without permitting acts of lewdness. The findings of the trial court in its orders for temporary and permanent injunctions support the relief granted, which relief is within the terms of § 823.05.[3]
We note that defendants were afforded an opportunity to present evidence on several occasions during the proceedings below, but did not choose to do so. On appeal to this court, defendants have not questioned the sufficiency of the evidence to support the findings of the trial court in support of injunctive relief nor those in support of the judgments of contempt. We have considered the other points raised on this appeal and find them to be without merit.
Accordingly, the judgment below is AFFIRMED.
WILLIS, BEN C., Associate Judge, concurs.
ERVIN, J., concurs and dissents with an opinion.

. Appeal from this order, Case No. MM-365, was dismissed sua sponte by order of the court dated September 24, 1979.

. Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d at 30:
“One charged with contempt may defend by showing that the order was void, but it is no *1176 defense that the order was merely erroneous, as distinguished from void, [citations omitted] Where the lower court had jurisdiction, the injunction must be obeyed until vacated or modified by that court or until it has been reversed on appeal . ”

. Final order:
“IT IS THEREUPON:' ORDERED AND ADJUDGED:
“That the Defendants be permanently restrained from continuing said nuisance or any unlawful acts on said premises or on any other premises in the County of Duval, State of Florida.
“That the Sheriff of Duval County abate said public nuisance and for that purpose take possession of said premises and effectually close the same against their use for any unlawful purpose.
“That the costs of this action totaling $295.00 be taxed against the Defendants and the same be adjudged a lein [sic] against all personal property found at Health Clubs of Jacksonville, Inc., located at 6850 Arlington Expressway, Jacksonville, Florida, and let execution issue forthwith. Florida Statutes Chapter [§] 60.05 (1977).
“That the Sheriff of Duval County take possession of all furniture, fixtures, equipment and moveable property now used on said premises and remove the same to a place of safekeeping for sale to satisfy the lein [sic] in accordance with the procedure set forth in Florida Statutes Chapter 56 (1977).”