726 So.2d 822 (1999)
Former Governor Claude R. KIRK, individually and in the name of the State of Florida; Albert A. Peterson, individually and as parent and natural guardian of his minor children; Letitia Burchell Fowler, individually and as parent and natural guardian of her minor child, Kentron Fowler; Ola Day Smith, individually and as grandparent and natural guardian of her minor grandchild, Frankie Day; Mary Lee Davis, individually and as parent and natural guardian of her minor children, Laurana Davis, Edleshia Davis, and Vanesha Davis; Lee Perry; Lillie B. Day; Lily Parkhurst; and Laura Regaldo, Appellants,
v.
UNITED STATES SUGAR CORPORATION; Flo-Sun, Incorporated; Okeelanta Corporation; A Duda & Sons, Inc.; Sugar Cane Growers Cooperative of Florida; and QO Chemicals, Inc., Appellees.
No. 96-4145.
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Rehearing Denied February 3, 1999.
*824 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellants.
Jack J. Aiello and Robert T. Scott of Gunster, Yoakley, Valdes-Fauli & Stewart, P.A., West Palm Beach, for Appellee-United States Sugar Corporation.
Thomas J. Guilday and Vikki Shirley of Huey, Guilday & Tucker, Tallahassee, for Appellee-QO Chemicals, Inc.
Gary P. Sams and Gary K. Hunter, Jr., of Hopping, Green, Sams & Smith, P.A., Tallahassee, and Margaret L. Cooper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for Appellee-Sugar Cane Growers Cooperative of Florida.
Vicki L. Wulf and Gerry S. Gibson of Steel Hector & Davis, LLP, West Palm Beach, for Appellees-Flo-Sun, Incorporated and Okeelanta Corporation.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
PER CURIAM.
We deny appellants' motion for rehearing, rehearing en banc, and motion for certification. Moreover, we withdraw our earlier opinion filed March 18, 1998, and substitute the following.
Plaintiffs appeal the trial court's dismissal of their amended complaint with prejudice. We reverse and remand for further proceedings.
Appellants, Former Governor Claude Kirk and various residents of Belle Glade ("Plaintiffs"), filed suit against United States Sugar Corporation, Sugar Cane Growers Cooperative of Florida, Flo-Sun Incorporated, Okeelanta Corporation, A Duda & Sons Incorporated, and QO Chemicals (collectively "Defendants"). Plaintiffs' amended complaint alleged that Defendants maintain a public nuisance as defined in section 823.05, Florida Statutes (1995), by engaging in the cultivation, harvesting, and processing of sugar cane. Plaintiffs also alleged that QO Chemicals disposes of furfural, a chemical by-product derived from sugar cane processing, by deep-well injection without a Department of Environmental Protection permit.
Plaintiffs claimed that Defendants' activities damage the use and enjoyment of their property; cause personal discomfort, inconvenience, and annoyance; pollute the public lands; injure the wildlife; and cause bodily injury and other damage to their physical health and well-being. Plaintiffs alleged that other members of the general public suffered these damages as well. Although Plaintiffs did not sue the government, they alleged that the government "aided and abetted" in the nuisance by failing to enforce existing pollution laws and regulations and by providing direct and indirect economic subsidies to Defendants. Plaintiffs maintained that the "judicial branch alone has the will, the authority, the power and the independence to abate this ongoing nuisance." As relief, Plaintiffs sought temporary and permanent injunctive relief to shut down Defendants' agricultural business, as well as compensatory damages from Defendants.
Plaintiffs voluntarily dismissed Defendant A Duda & Sons Incorporated without prejudice. The remaining Defendants moved to dismiss Plaintiffs' amended complaint. After a hearing, the trial court dismissed Plaintiffs' amended complaint with prejudice, citing three justifications: (1) the doctrine of primary jurisdiction; (2) that chapter 403 superseded chapter 823 by implication; and (3) that Plaintiffs lacked standing to bring a public nuisance suit. On appeal, Plaintiffs challenge each of these reasons for dismissal with prejudice.
The primary jurisdiction doctrine counsels that a court should not substitute its judgment for an agency's when dealing with a subject that is vested within the agency's expertise and discretion. See South Lake Worth Inlet Dist. v. Town of Ocean Ridge, 633 So.2d 79 (Fla. 4th DCA 1994); State ex rel. Shevin v. Tampa Elec. Co., 291 So.2d 45 (Fla. 2d DCA 1974). In the instant case, the trial court relied upon Ocean Ridge to hold that the primary jurisdiction doctrine barred *825 Plaintiffs' public nuisance claim. We disagree that Ocean Ridge compels such a result on a motion to dismiss in the instant case.
In Ocean Ridge, the case had proceeded past discovery, and it was affirmatively indicated in the record that the plaintiff could not seriously allege or prove that there was some extraordinary circumstance that prevented the doctrine of primary jurisdiction from applying and would instead require a court to step in and take action. See Ocean Ridge, 633 So.2d at 87. As a result, the Ocean Ridge court held that the doctrine of primary jurisdiction prevented the trial court from imposing a comprehensive order of relief on a subject that required the peculiar expertise and discretion of an agency. Id. In contrast, the instant case involves the ultimate legal question of whether Defendants' agricultural endeavors harm Plaintiffs' health and can thus be considered a public nuisance. In such a case, as has been noted by our sister court, the determination of a public nuisance is historically a judicial function and "lies within the special competence of judicial expertise." State ex rel. Shevin, 291 So.2d at 47.
Further, in the instant case, Defendants are proceeding on a motion to dismiss, which is a different procedural posture from that in Ocean Ridge. In the instant case, Plaintiffs are alleging that agency errors have been so egregious or devastating that administrative remedies would be insufficient; that the governmental agencies entrusted with preventing the sort of pollutants and harm allegedly caused by Defendants are not doing their job; and that Defendants are operating in a manner contrary to existing statutes and regulations. Taking these allegations as true, as a court must do on a motion to dismiss, the trial court erred in determining that the doctrine of primary jurisdiction applies to bar Plaintiffs' public nuisance suit at this juncture.[1]See Ocean Ridge, 633 So.2d at 87-88; see also Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla. 1992). If Defendants can later disprove Plaintiffs' allegations through record evidence, then the doctrine of primary jurisdiction might serve as a basis for disposing of this case. See Ocean Ridge, 633 So.2d at 87-88. However, given a court's limited inquiry on a motion to dismiss and given the substance of Plaintiffs' allegations, dismissal on the basis of the primary jurisdiction doctrine was inappropriate.
In dismissing Plaintiffs' complaint with prejudice, the trial court also ruled that section 823.05 of Florida's Public Nuisance statute was superseded to the extent that part I of chapter 403, Florida's Air and Water Pollution Control Act, regulated air and water pollution. The trial court relied upon the case of State v. SCM Glidco Organics Corp., 592 So.2d 710, 712 (Fla. 1st DCA 1991), where the First District held that section 823.01 had been superseded by chapter 403, insofar as section 823.01 might apply to air pollution. We cannot agree that by enacting part I of chapter 403, the Florida Legislature intended to supplant a private individual's potential public nuisance action under chapter 823. See State v. General Dev. Corp., 448 So.2d 1074, 1080 (Fla. 2d DCA 1984)(stating that "a public nuisance action seems to be one of the `rights of action or remedies in equity under the common law or statutory law,' which is not abridged or altered by chapter 403 and is cumulative to the remedies provided in that chapter"), approved, 469 So.2d 1381 (Fla.1985). The district court's reference is to language contained in section 403.191(1), Florida Statutes, as follows:
Nothing contained herein shall be construed to abridge or alter rights of action or remedies in equity under the common law or statutory law, criminal or civil, nor shall any provisions of this act, or any act done by virtue thereof, be construed as estopping the state or any municipality, or *826 person affected by air or water pollution, in the exercise of their rights in equity or under the common law or statutory law to suppress nuisances or to abate pollution.
We think the second district court is correct, and that the above statutory language makes clear that chapter 403 does not supersede any part of chapter 823. Nevertheless, in the event we are reading more into section 403.191(1) than is there, we shall explain why chapter 403 should not be perceived as superseding or repealing section 823.05 by implication.
Construing a statute as repealed or superseded by implication is disfavored, unless it is the only reasonable construction. Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249 (Fla.1987). Instead, "[t]he courts' obligation is to adopt an interpretation that harmonizes two related, if conflicting, statutes while giving effect to both, since the legislature is presumed to pass subsequent enactments with full awareness of all prior enactments and an intent that they remain in force." Id. at 250.
Part I of chapter 403 deals primarily with the governmental regulation of air and water pollution and generally provides for enforcement only by a governmental entity. See, e.g., § 403.088(4), 403.121, 403.131, 403.135, 403.141, 403.161, Fla. Stat. (1995). Under part I of chapter 403, a private citizen may seek an injunction against any entity or person who violated any air or water pollution laws of the state, but only after first seeking relief from a governmental agency. See § 403.412(2)(a). To contrast, Florida's public nuisance statute offers broader relief without the prerequisite of first seeking aid from a governmental agency. Section 823.05 allows a private individual to directly file suit against any entity who maintains a public nuisance, which is defined as any annoyance to the community or harm to public health. This being so, something might be a public nuisance under section 823.05 while still being in compliance with existing pollution laws and regulations, and thus in compliance with chapter 403. Accordingly, construing section 823.05 as impliedly repealed or superseded is not the only reasonable construction. See Kelly, 516 So.2d at 250. Rather, section 823.05 and chapter 403 are easily harmonized as two different options under which a private citizen might seek relief from air or water pollution, depending upon the particular circumstances of the case. See id.
Further, it cannot be said that chapter 403 impliedly repealed chapter 823 in light of the fact that the Florida Legislature specifically adopted the Right to Farm Act as part of chapter 823 after chapter 403 was enacted. See § 823.14, Fla. Stat. (1995)(enacted 1979 and amended in 1982, 1987, and 1993). Florida's Right to Farm Act essentially provides farming operations with a defense to public nuisance actions so long as unsanitary or hazardous conditions do not exist. The enactment of Florida's Right to Farm Act within the chapter pertaining to public nuisances and after the Air and Water Pollution Control Act was adopted indicates that the Legislature anticipated farming operations being vulnerable to public nuisance actions under chapter 823, notwithstanding the provisions of chapter 403. Accordingly, given the clear acknowledgment by the Legislature after the enactment of chapter 403 that farming operations might be subject to public nuisance suits under chapter 823, we do not agree with the trial court's conclusion that Plaintiffs' remedies lie solely under chapter 403. See General Dev. Corp., 448 So.2d at 1080.
Finally, we disagree with the trial court's decision to dismiss Plaintiffs' complaint with prejudice because they lacked standing to bring a public nuisance suit. Generally, private individuals may maintain actions to enjoin public nuisances if they can show they have sustained special or peculiar injuries different in kind, not merely in degree, from the injury to the public at large. See, e.g., Page v. Niagara Chem. Div. of Food Mach. & Chem. Corp., 68 So.2d 382, 385 (Fla.1953). However, under the language of section 60.05, Florida Statutes (1995), any citizen who sues in the name of the state to enjoin a public nuisance need not show that he or she has sustained or will sustain special damages or injury different in kind from injury to the public at large. See State ex rel. Gardner v. Sailboat Key, Inc., 295 So.2d 658, 660 & n. 2 (Fla. 3d DCA 1974).
In the instant case, the complaint specifically states that Plaintiff Claude Kirk "brings this action ... in the name of the *827 State of Florida on his relation." As such, Plaintiff Claude Kirk need not show that he has sustained or will sustain any special injury. See id. As to the remaining Plaintiffs, the complaint indicates that they are suing in their individual capacities only. From a reading of the very general terms in Plaintiffs' complaint, these Plaintiffs' injuries are no different than those allegedly suffered by the general population. However, it seems these Plaintiffs could easily amend their complaint to show special or peculiar injuries different in kind from injury to the public at large. Accordingly, as to the remaining Plaintiffs, the trial court abused its discretion in dismissing Plaintiffs' complaint with prejudice for lack of standing without first providing them an opportunity to amend. See Fla. R. Civ. P. 1.190(a)(leave to amend a deficient complaint should be freely given when justice so requires); Soucy v. Casper, 658 So.2d 1017 (Fla. 4th DCA 1995)(leave to amend should be denied only when privilege has been abused or amendment would be futile).
In sum, each of the trial court's justifications for dismissing Plaintiffs' complaint with prejudice are without merit. Accordingly, we reverse and remand this case for further proceedings.
REVERSED AND REMANDED.
STONE, C.J., GUNTHER, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] As such, this opinion is not to be construed as indicating a departure from the requirement that a party must first exhaust administrative remedies where such remedies exist under a statutory scheme regulated by a particular agency, absent extraordinary circumstances. See Ocean Ridge, 633 So.2d at 86-88. Here, however, it is alleged that the government has illegally failed to enforce the applicable law and regulations and that agency errors have been egregious and devastating.